# SUPREME COURT.

## MOORE agt. RICHARDSON *et al.*

## JAMES agt. SAME DEFENDANTS.

## LORD agt. SAME DEFENDANTS.

*Practice— Attachment— Sufficiency of affidavits.*

On a motion to vacate an attachment in three cases, the main question both as to the existence of the alleged cause of action and of the fraud which is the ground of the attachment was as to the partnership of the defendants; that being alleged on information and belief based mainly on the written deposition of one of the defendants in proceedings supplemental to execution in another case. In one of the cases the affiant states that he has the deposition in his possession, but does not attach a copy or

Moore agt. Richardson *et al.*

show any reason for not doing so. In the other cases a copy is attached showing the defendants to be partners:

*Held,* that the copy deposition could be considered, and without it the affidavit would be defective and not a sufficient basis for allowing the attachment.

*Held,* further, that in the first case the attachment cannot stand, but in the othes two cases the attachment should stand.

*Oneida Special Term, March,* 1885.

MOTION by the defendants, in each, to vacate attachment.

*Mr. Ayres,* for motion.

*Mr. Weston,* opposed.

MERWIN, J.—The main question in these cases, both as to the existence of the alleged cause of action and of the fraud, which is the ground of the attachments, is as to the partnership of defendants. That is alleged on information and belief, based mainly on the written deposition of the defendant, Richardson, in proceedings supplemental to execution in another case. In the first of the above-entitled cases, the affiant states that he has the deposition in his possession, but does not attach a copy or show any reason for not doing so. In the other two cases a copy is attached, which, if it can be considered, gives a basis for saying that the defendants were partners.

Under the rule laid down in *Bennett agt. Edwards* (27 *Hun,* 382), the copy deposition can, I think, be considered. But without this the affidavit would be defective, and not a sufficient basis for allowing the attachment.

This leads to the conclusion that, in the first case (*Moore agt. Richardson*), the attachment cannot stand, and that, in the other two cases, there is enough to put the defendants to their defense, and the attachments should stand.

Motion in first case granted, with costs of motion.

Motion in the other two cases denied, with costs of motion.

*Affirmed at General Term, January,* 1886.